# EXHIBIT A



# Roamingwood
# Sewer & Water Association

# Bylaws

*Effective May 14, 2003*

**P.O. Box 6**
**Lake Ariel, PA  18436**

**570-698-6162**

BYLAWS OF ROAMINGWOOD SEWER AND WATER

ASSOCIATION

<u>INDEX</u>

| <u>Article</u> | | <u>Page</u> |
|---|---|---|
| 1.01 | **<u>INTRODUCTORY:</u>**  Definition of Bylaws | 1 |
| 1.02 | Purposes and Powers | 1 |
| 2.01 | **<u>OFFICERS AND AGENCY</u>**:  Principal and Branch Offices | 2 |
| 2.02 | Location of Registered Office | 2 |
| 3.01 | **<u>MEMBERSHIP</u>**:  Definition of Membership | 2 |
| 3.02 | Classes of Members | 3 |
| 3.03 | Members | 3 |
| 3.04 | Association | 4 |
| 3.05 | Qualifications | 4 |
| 3.06 | Place of Meetings | 5 |
| 3.07 | The Annual Meeting | 5 |
| 3.08 | Special Meeting of Roamingwood | 5 |
| 3.09 | Adjournments | 5 |
| 3.10 | Quorum | 6 |
| 3.11 | Proxies | 6 |
| 3.12 | Order of Business | 7 |
| 4.01 | **<u>BOARD OF DIRECTORS</u>**:  Number and Qualifications | 7 |
| 4.02 | Powers and Duties | 7 |
| 4.03 | Additional Powers | 9 |
| 4.04 | Term of Office | 9 |
| 4.05 | Election of Directors | 10 |

| | | |
|---|---|---|
| 4.06 | Vacancies | 13 |
| 4.07 | Removal of Board Member by Members | 13 |
| 4.08 | Organization Meeting | 13 |
| 4.09 | Regular Meetings | 14 |
| 4.10 | Special Meetings | 14 |
| 4.11 | Waiver of Notice | 14 |
| 4.12 | Quorum | 14 |
| 4.13 | Executive and Other Committees of the Board | 15 |
| 4.14 | Interested Directors | 15 |
| 4.15 | Fidelity Bonds | 16 |
| 4.16 | Directors' Fiduciary Relationship to Roamingwood | 16 |
| 4.17 | Hold Harmless and Indemnification | 17 |
| 4.18 | Participation in Meeting by Conference Telephone | 17 |
| 5.01 | The Officers | 17 |
| 5.02 | Chairman | 17 |
| 5.03 | President | 17 |
| 5.04 | Vice President | 18 |
| 5.05 | Secretary | 18 |
| 5.06 | Treasurer | 19 |
| 5.07 | Removal of Officers | 19 |
| 5.08 | Officers Fiduciary Relation to Roamingwood | 19 |
| 6.01 | Duties of Manager | 19 |
| 6.02 | Duty to Account | 20 |
| 6.03 | Control of Employees | 20 |
| 7.01 | **ROAMINGWOOD RECORDS INSPECTION:**  Required Records | 20 |
| 7.02 | Right of Inspection | 21 |
| 8.01 | **FINANCIAL-MANAGEMENT:**  Accounting Period | 21 |

| 8.02 | Books and Accounts | 21 |
|------|--------------------|----|
| 8.03 | Preliminary Budget | 21 |
| 8.04 | Publication of Preliminary Budget | 21 |
| 8.05 | Adoption of Budgets | 22 |
| 8.06 | Amount and Method of Collection | 22 |
| 8.07 | Enforcement of Payment | 22 |
| 8.08 | Auditing | 23 |
| 9.01 | **NON-PROFIT OPERATION:**  Interest or Dividends on Capital Prohibited | 23 |
| 9.02 | Patronage Capital In Connection With Furnishing Sewer and Water Service | 23 |
| 9.03 | Excess Income | 24 |
| 9.04 | Contract | 24 |
| 10.01 | **TERMINATION OF MEMBERSHIP:** Non-Withdrawal or Expulsion | 24 |
| 11.01 | **DISSOLUTION AND NON-LIABILITIES OF MEMBERS:**  Property Interest of Members | 24 |
| 11.02 | Non-Liability for Debts of Roamingwood | 25 |
| 12.01 | Policies, Rules and Regulations | 25 |
| 13.01 | Amendments | 25 |

BY LAWS OF
ROAMINGWOOD SEWER AND WATER ASSOCIATION
A NON PROFIT CORPORATION

ARTICLE I
INTRODUCTORY

**Definition of By Laws**

1.01.    The following, until amended as hereinafter provided, constitute the By Laws of Roamingwood Sewer and Water Association ("Roamingwood"), a Pennsylvania not-for-profit corporation, a cooperative operated in a manner consistent with the provisions of Section 501 (c)(12) and other relevant sections of the Internal Revenue Code of 1954, as amended, from time to time. These By Laws constitute the code of rules adopted by Roamingwood for the regulation and management of its affairs.

**Purposes and Powers**

1.02.    This Corporation shall have the purposes or powers as may be stated in its Articles of Incorporation, and such powers as are now or may be granted hereafter by the Nonprofit Corporation Law of 1972 of the Commonwealth of Pennsylvania, or any successor legislation.

The primary purpose of this Corporation is:

(a) To acquire the title, right and interest to and in the assets of the two utilities, Poconos Water Company and Poconos Sewer Company, (hereinafter referred to jointly as "Poconos") as set forth in the "Purchase and Settlement Agreement" of June 25, 1980, as amended, between the Association of Property Owners of the Hideout, Inc. (the "Association") and Poconos;

(b) To accept the assignment of the Association's rights, title and interest in and to the "Purchase and Settlement Agreement" of June 25, 1980, as amended, between the Association and Poconos;

(c) To lease the two utilities to the South Wayne County Water and Sewer Authority established by the County Commissioners of Wayne County, which authority would in turn enter into an Agreement with this Corporation to operate and manage the two utilities;

1

(d) To supply water and sewer service to the residential development known as "The Hideout", located in the Townships of Salem and Lake in Wayne County, Pennsylvania, either as owner, lessee, or manager of the water and sewer system as hereinbefore provided;

(e) To assure the Association and the Members of this Corporation fair and reasonable water and sewer rates;

(f) To assure regular, continuous, and reliable water and sewer service for the Association and for the Members of this Corporation.

# ARTICLE II

## OFFICES AND AGENCY

### **Principal and Branch Offices**

2.01.     The principal place of business of this Corporation in Pennsylvania will be located in the Hideout on Lakeview Dr., P.O. Box 6, Lake Ariel, Wayne County, Pennsylvania 18436.  In addition, the Corporation may maintain other offices within the Commonwealth of Pennsylvania as its business requires, as may be authorized by the Board of Directors.

### **Location of Registered Office**

2.02.     The location of the registered office of this Corporation is stated in the Articles of Incorporation to be: P.O. Box 6, R.F.D. 1, Lake Ariel, Wayne County, Pennsylvania 18436, and since has been changed due to postal regulations to that as is noted in section 2.01.  The Board of Directors may, from time to time, change the address of its registered office by a duly adopted resolution and amend its Articles or file the appropriate statement with the Department of the State of Pennsylvania.

# ARTICLE III

## MEMBERSHIP

### **Definition of Membership**

3.01.     The members of this Corporation are those persons having membership rights in accordance

with the provisions of these By Laws.

### Classes of Members

3.02.    This Corporation will have two classes of Members which are designated as follows:

(a) Members

(b) Association of Property Owners of the Hideout, Inc. or its successors.

### Members

3.03.    An "owner" is as defined in the Declaration of Protective Covenants for the Hideout dated as of May 11, 1970 as recorded June 25, 1970 in Wayne County Deed Book 258, at Page 51, as supplemented and amended from time to time.  An "owner" as hereinafter defined shall automatically become a member of Roamingwood with such rights and privileges as are set forth or referred to in these By Laws.  An "owner" means:

(a) Any natural person, firm, corporation, trust or entity who holds fee title to a lot or an undivided interest in fee title to a lot in the Development of real property known as The Hideout, a subdivision, situated in the Townships of Lake and Salem, Wayne County, Pennsylvania, as the same is referred to in the Declaration of Protective Covenants, which is duly recorded in the Recorder of Deeds Office in and for Wayne County, Pennsylvania; or

(b) Any person who has contracted to purchase fee title to a lot or an undivided interest in fee title to a lot under written agreement, in which case the seller under said agreement shall cease to be the "owner" while said agreement is in effect; or

(c) Any lessee of a lot under a recorded lease from the owner of fee title to said lot for a term of not less than fifty (50) years, in which case the lessor under said lease shall cease to be the "owner" while said lease is in effect.

(d) In the case of multiple owners of a lot, one owner shall be designated in writing as the voting member by the other co-owner(s), but all co-owners shall remain subject to the rights and obligations of Roamingwood.  In lieu of a written designation, the voting member will be the person listed first in Roamingwood's files.  Furthermore, in all instances, there will be only one vote and ballot per lot and only one vote and ballot per individual member if that member is listed first in Roamingwood's files as owner of multiple lots.

A member shall always be subject to said Declaration of Protective Covenants of the Hideout.

### Association

3.04.    The Association of Property Owners of the Hideout, Inc. (the "Association") shall become a member with such rights and privileges as are set forth or referred to in these By Laws and in the Declaration of Protective Covenants of the Hideout.

### Qualifications

3.05.    (a) From time to time, the Board of Directors shall fix by resolution membership qualifications relating to property ownership at the Hideout development.  To become a member and to maintain membership status, a person must meet all of such qualifications unless the Board of Directors waives one or more of the qualifications with respect to such person.

### MEMBERS IN GOOD STANDING

(b) From time to time, the Board of Directors may define the qualifications of a "member in good standing".  Members NOT in good standing may forfeit membership privileges, including, but not limited to, voting rights and /or right to be a director or an officer of the association, and other forfeitures as prescribed in these by laws or the Roamingwood *Rules and Regulations* booklet.

(i) A member is NOT in good standing if their account is more than thirty days in arrears and the amount owed is greater than ten percent (10%) of their current quarterly rate.

(ii) Subject to the investigation and review provisions contained in this Article 3.05 (b), the Board of Directors, by majority vote at any meeting, may declare a member NOT in good standing for infractions of the Roamingwood *Rules and Regulations.*

(iii) Following an internal investigation, including any oral or written statements, or documentary evidence submitted by, or on behalf of the member, the Board of Directors, by majority vote at any meeting, may declare that member NOT in good standing for any action or failure to act which is contrary to the interests of Roamingwood or its membership.  Such action or failure to act may include, but is not limited to: failure to pay Roamingwood assessments; malicious, criminal, defamatory or fraudulent acts against Roamingwood, its employees, representatives, or agents.  In

4

addition to declaring a member NOT in good standing, the Board of Directors may levy sanctions against said member including fines, termination of water or sewer service, or any combination of the foregoing.

(iv) Any member declared NOT in good standing by the Board of Directors will be notified of such action in writing immediately.

(v) Any member declared NOT in good standing by the Board of Directors may have their membership status reviewed six months after said declaration.

(c) Each member agrees to sign such water and sewer users' agreements as Roamingwood shall from time to time provide and require.

## Place of Meetings

3.06.     All meetings of the members of Roamingwood shall be held at The Hideout, Lake Ariel, Pennsylvania, or at such other places in the State of Pennsylvania as may be stated in the notice of the meeting.

## The Annual Meeting

3.07.     The Annual Meeting of Roamingwood shall be held on any Saturday in October of each year commencing with the year 1981.

## Special Meeting of Roamingwood

3.08.     Special meetings of the membership of Roamingwood may be called by the President or the Board of Directors by resolution of the Board.  A special meeting may also be called upon the written petition of ten percent (10%) of the voting members of Roamingwood in good standing.  Such petition shall be presented to the Secretary and shall set forth the purpose of the special meeting.  Upon receipt of the petition, it shall be the duty of the Secretary to verify the signatures to the petition and if satisfied of the authenticity, he/she shall forthwith fix a weekend date for such meeting and notify the membership of the time, place and purpose of the meeting within twenty (20) days of the receipt of the petition.  The meeting shall be held no sooner than thirty (30) days and not more than sixty (60) days after receipt of the request.  If the Secretary shall neglect or refuse to fix the time and place of the meeting, the persons calling the meeting may fix the time and place in compliance with this section.

## Adjournments

3.09.     Adjournments of any regular or special meeting may be taken, but any meeting at which

directors are to be elected shall be adjourned only from day to day, or for such longer period not exceeding fifteen (15) days each, as the members present entitled to cast at least a majority of the votes which all members present and voting are entitled to cast shall direct, until such directors have been elected.

### Quorum

3.10.     A meeting of the members duly called shall not be organized for the transaction of business unless a quorum is present.  The presence in person or by proxy of five percent (5%) of the members entitled to vote on the matter to be acted upon shall constitute a quorum.  The members present at a duly organized meeting can continue to do business until adjournment, notwithstanding the withdrawal of enough members to leave less than a quorum.  If a meeting cannot be organized because a quorum has not attended, those present may, except as otherwise provided in this article, adjourn the meeting to such time and place as they may determine.

> (a) In the case of any meeting called for the election of directors, those who attended the second of such adjourned meetings, although less than a quorum is present, shall nevertheless constitute a quorum for the purpose of election of directors.

> (b) In case of any meeting called for any other purpose, those who attended the second of such adjourned meetings, although less than a quorum, shall nevertheless constitute a quorum for the purpose of acting upon any resolution or other matter set forth in the notice of the meeting if written notice of such second adjourned meeting, stating that those members who attend shall constitute a quorum for the purpose of acting upon such resolution or other matter, is given to each member of record entitled to vote at such adjourned meeting at least ten (10) days prior to the day named for the second adjourned meeting.

### Proxies

3.11.     At any meeting of members, a member entitled to vote may do so by proxy executed in writing by the member or by his/her duly authorized attorney-in-fact and filed with the Secretary of Roamingwood.  A proxy shall be revocable at will, notwithstanding any other agreement or any provision in the proxy to the contrary, but the revocation of a proxy shall not be effective until notice thereof has been given to the Secretary of the Corporation.  A proxy shall not be revoked by the death or incapacity of the maker unless before the vote is counted or the authority is exercised, written notice of such death or incapacity is given to the Secretary of the Corporation.  No proxy shall be valid after the expiration of eleven (11) months from the date of its execution, unless the person executing it

specifies therein the length of time for which such proxy is to continue in force, which in no event shall exceed three (3) years from the date of its execution.

**Order of Business**

3.12.    All meetings of the membership shall be conducted according to "***Modern Rules of Order***", as published by the Pennsylvania Bar Institute, unless a different procedure is called for in these By Laws.

# ARTICLE IV

# BOARD OF DIRECTORS

**Number and Qualifications**

4.01.    The business and property of Roamingwood shall be managed and governed by a Board of Directors composed of five (5) persons, all of whom must be members in good standing of Roamingwood.

**Powers and Duties**

4.02.    The Board of Directors shall have the powers and duties necessary for the administration of the affairs of Roamingwood and may do all such acts and things as are not by law or by these By Laws directed to be exercised and done by the members.  In addition thereto, the Board shall have the following powers:

> (a) Management of Business.  The Board of Directors shall have general supervision and control of the business and the affairs of Roamingwood and shall make all rules and regulations not inconsistent with law or with these By Laws for the management of the business and the guidance of the members, officers, employees, and agents of Roamingwood. It shall have installed an accounting system which shall be adequate to the requirements of the business, and it shall require proper records to be kept of all business transactions.

> (b) Employment of Manager.  The Board of Directors shall have power to employ a manager, define his/her duties, fix his/her compensation, and dismiss him/her with or without cause at any time.  The Board shall employ or authorize the employment of such employees, agents, and counsel as it, from time to time, deems necessary or advisable in the interest of Roamingwood prescribe their duties, and fix their compensation.  The manager shall have

charge of the business of Roamingwood under the direction of the Board of Directors.

(c) Bonds and Insurance.  The Board of Directors shall require the manager and all other officers, agents, and employees charged by Roamingwood with responsibility for the custody of any of its funds, securities, or commercial paper to give adequate bonds, unless the then effective insurance policies provide the necessary coverage at adequate limits.  Such bonds, if required due to the lack of adequate insurance coverage or limits, unless cash security is given, shall be furnished by a responsible bonding company and approved by the Board of Directors, the cost to be paid by Roamingwood.  The Board of Directors shall provide for the adequate insurance of the property of Roamingwood, or property that may be in the possession of Roamingwood, or stored by it, and not otherwise adequately insured, and in addition, adequate insurance covering liability for accidents to all employees and the public.

(d) Audits.  At least once in each year the Board of Directors shall secure the services of a competent and disinterested public auditor or accountant, who shall make a careful audit of the books and accounts of Roamingwood and render a report in writing thereon, which report shall be submitted to the Board for their approval at their next regular scheduled meeting. Following approval by the Directors, it will be presented to the members of Roamingwood by publication in the POA community newspaper or by posting at the Roamingwood office.  This report shall include at least:

> (i) A balance sheet showing the true assets and liabilities of Roamingwood; and

> (ii) An operating statement for the fiscal period under review which shall show the cost of, and receipt from, sales and the gross margins or loss from sewer and water services provided during the period, and a statement of all expenses for the period under review.

(e) Agreements with Members.  The Board of Directors shall have the power to carry out all agreements of Roamingwood with its members in every way advantageous to Roamingwood representing the members collectively.

(f) Depository.  The Board of Directors shall have power to select one or more banks to act as depositories of the funds of Roamingwood, and to determine the manner of receiving,

depositing, and disbursing the funds of Roamingwood, the form of checks, and the person or persons by whom they shall be signed, with the power to change such banks and the person or persons signing such checks and the form thereof at will.

(g) The power to adopt a corporate seal as the seal of Roamingwood;

(h) The power to borrow money for Roamingwood;

(i) The power to assign, mortgage, pledge or encumber any Roamingwood property for such borrowings.

**Additional Powers**

4.03.    In addition to duties imposed by these By-Laws or by resolutions of Roamingwood, the Board of Directors shall have, without limitation, the following additional powers:

(a) Care, upkeep and surveillance of the facilities of Roamingwood;

(b) Collection of special assessments and/or other charges from the members;

(c) Designation and dismissal of the personnel necessary for the accomplishment of the purposes of Roamingwood;

(d) Promulgation of such rules and regulations necessary for the effective administration of Article VIII of these By Laws;

(e) The power to adopt reasonable rules and regulations as it may deem advisable for the use, operation, maintenance, conservation and beautification of the water and sewer systems for the health, comfort, safety and general welfare of the members.

**Term of Office**

4.04.    The term of office shall be three (3) years, and the Directors shall be replaced as three (3) year staggered terms expire.  Two (2) Directors shall be elected in each of two (2) consecutive years and only one (1) Director will be elected in the third (3rd) year.

**Election of Directors**

4.05.    Election of Directors:

(a) Election of Directors shall be by written ballot as hereinafter provided.  In all elections of directors, each member entitled to vote shall be entitled to as many votes as shall equal the number of votes which he/she is entitled to cast on any matter other than election of directors multiplied by the number of directors to be elected, and he/she may cast all such votes for a single director or may distribute them among the number to be voted for, or for any two or more of them as he/she may see fit.  The person or persons receiving the largest number of votes shall be elected to the vacant position or positions.

(b) The Nominating Committee for the selection of candidates to the Board of Directors for the next annual election shall be appointed at the Annual Meeting.  The Nominating Committee shall consist of five (5) members all of whom must be members in good standing; two members in good standing elected by the membership at the Annual Meeting, two chosen from the membership of the Board of Directors, and one member in good standing appointed from the membership by the President of Roamingwood, and this member shall not be a current member of the Board of Directors.  Up to two (2) alternates, who are members in good standing and who are not members of the Board, may be appointed by the Board of Directors or by the Nominating Committee.  The Nominating Committee shall select its Chairman.

(c) Candidates for election to the Board of Directors shall be nominated:

(i) By the Nominating Committee, or
(ii) By the petition signed by 50 voting members and delivered to the Secretary of Roamingwood before the fifteenth (15th) of July each year.

(d) The following members may NOT be nominated:

(i) anyone nominated for or wishing to be nominated for candidacy for the POA Board simultaneously;
(ii) anyone whose term of office as a Director on the POA Board will not terminate before their term begins as Roamingwood Director, unless they furnish, prior to

nomination, written intent to resign from the POA Board if elected;

(iii) anyone who is a member of the South Wayne Sewer and Water Authority, unless they furnish, prior to nomination, written intent to resign from the Authority if elected.

(e) Between the first and thirtieth (30th) of June of each year, the Nominating Committee shall nominate for election at least two (2) more candidates than are necessary to fill the prospective vacancies on the Board of Directors.  Members in good standing, wishing to be nominated, who are rejected by the Nominating Committee, shall be notified by phone and in writing immediately.  The Nominating Committee may include the names of candidates nominated by petition to fill this quota if they choose to give them their endorsement following the June 30th deadline.

(f) The qualifications of the candidates nominated by the Nominating Committee and those nominated by petition shall be printed and distributed at the same time or prior to distribution of election ballots.

(g) Before the fifteenth (15th) of July each year, any member in good standing may file with the Secretary of Roamingwood a statement of his/her candidacy for election as a Director of Roamingwood for the term beginning immediately after the filing of such statement, together with endorsement of his/her candidacy signed by fifty (50) voting members in good standing. The Secretary of Roamingwood shall certify to the validity of such signatures and cause notice of each candidacy and a brief biographical statement of each candidate to be included in the notice of such Annual Meeting.  Should any candidate's petition be found to have an insufficient number of valid signatures, then that candidate shall not be placed on the ballot, and the rejected candidate shall be duly notified in writing.

(h) All elections to the Board shall be made on written ballot, which shall:

(i) Describe the vacancy to be filled;

(ii) Set forth the names of those persons who have become candidates for the office of director in the order in which they filed their statements of candidacy with the Secretary of Roamingwood.

(iii) NO write-ins will be allowed.  Any ballot with any name written on it will be

disqualified.

Such ballots shall be prepared and mailed by the Secretary to each member entitled to vote simultaneously with the mailing of the notice of the Annual Meeting of Roamingwood.

(i) Each member entitled to vote shall receive only one (1) ballot regardless of number of lots owned or amount of usage.

(j) The completed ballots shall be returned as follows: Each ballot shall be placed in a sealed envelope marked "Ballot", but not marked in any other way.  Each such "Ballot" envelope shall contain only one (1) ballot, and each voting member shall be advised that because of the verification procedures hereinafter set forth, the inclusion of more than one (1) ballot in any one "Ballot" envelope shall disqualify the return.  Such "Ballot" envelope shall be placed in another sealed envelope which shall bear on its face the name and signature of the member, his/her lot number, and such other information as the Board may determine will serve to establish his/her right to cast the vote or votes presented in the ballot or ballots contained therein.  The ballots shall be returned to the Secretary of Roamingwood at such address as the Board may from time to time determine no later than ten (10) days prior to the Annual Meeting.

(k) Upon receipt of each return, the Secretary shall immediately place it in a safe or locked place until the day fixed by the Board for the counting of such ballots.  On that day, the external envelopes containing the "Ballot" envelopes shall be turned over, unopened, to the Election Committee consisting of the Secretary and the then existing Board or their appointed representatives who must be members in good standing.  A representative of each candidate for the office of director may also be present.  The Election Committee shall then adopt a procedure that shall establish:

(i) That the signature of the member on outside is genuine; and
(ii) That such member is a member in good standing.

Such procedure shall be taken in such manner that the vote of any member shall not be disclosed to anyone, including the Election Committee.  The outside envelopes shall

thereupon be placed in a safe or other locked place and the Election Committee shall proceed to the opening of the "Ballot" envelopes and the counting of the votes.  If any "Ballot" envelope is found to contain more than one (1) ballot, all ballots contained in such envelope shall be disqualified.  The Election Committee shall certify the results of the count at the Annual Meeting and the terms of office of the directors so elected shall commence immediately following such Annual Meeting.

(l) All outside envelopes, ballots and statements of candidacy shall be retained by the Secretary for a period of one (1) year.

(m) After certification by the Election Committee, all ballots shall be available for inspection.

## Vacancies

4.06.    Vacancies in the Board of Directors caused by any reason shall be filled by vote of the majority of the remaining directors, even though they may constitute less than a quorum; and each person so elected shall be a director and serve to complete the term of that director whose vacancy is being filled.  The Board of Directors may request recommendations from the Nominating Committee to fill such vacancies.

## Removal of Board Member by Members

4.07.    Any member may bring charges against a board member and, by filing with the Secretary such charges in writing together with a petition signed by at least ten percent (10%) of the voting members in good standing or three hundred (300), whichever is the lesser, may request the removal of such board member by reason thereof.  Such board member shall be informed in writing of the charges at least ten (10) days prior to the meeting of the members at which the charges are to be considered and shall have an opportunity at the meeting to be heard in person or by counsel and to present evidence in respect of the charges; and the person or persons bringing the charges against him/her shall have the same opportunity.  The question of the removal of such board member shall be considered and voted upon at the meeting of the members and any vacancy created by such removal may be filled by vote of the members at such meeting without compliance with the foregoing provisions with respect to nominations.

## Organization Meeting

4.08.    The first meeting of a newly elected Board of Directors shall be held within ten (10) days of election at such place as shall be fixed by the directors at the meeting at which such directors were

elected, and no notice shall be necessary to the newly elected directors in order legally to constitute such meeting, providing a quorum of the Board shall be present.  The intent is to allow newly elected members to participate in any Board meeting called immediately after election.  At this meeting the Board shall elect a Chairman and such corporate officers as provided in the By Laws.

### Regular Meetings

4.09.    Regular meetings of the Board of Directors may be held at such time and place as shall be determined, from time to time, by a majority of the directors, but at least six (6) such meetings shall be held during each fiscal year.  Notice of regular meetings of the Board of Directors shall be given to each director, personally or by mail, telephone, e-mail, or fax, at least five (5) days prior to the day named for such meeting.  There shall be kept minutes of all meetings conducted by the Board, together with record of voting at such meetings.  These minutes shall be subjected to inspection by any member of Roamingwood in a manner prescribed in Article VII.

### Special Meetings

4.10.    Special meetings of the Board of Directors may be called by the President on three days notice to each director, given personally or by mail, telephone, e-mail, or fax, which notice shall state the time, place and purpose of the meeting.  Special meetings of the Board of Directors shall be called by the President or Secretary in like manner and on like notice on the written request of at least three (3) directors.

### Waiver of Notice

4.11.    Before or at any meeting of the Board of Directors, any director may, in writing, waive notice of such meeting and such waiver shall be deemed equivalent to the giving of such notice.  Attendance by a director at any meeting of the Board of Directors, shall be a waiver of notice of the time and place thereof.  If all the directors are present at any meeting of the Board, no notice shall be required and any business may be transacted at such meeting.

### Quorum

4.12.    At all meetings of the Board of Directors, a majority of the directors shall constitute a quorum for the transaction of business, and the acts of the majority of the directors present at a meeting at which a quorum is present shall be the acts of the Board of Directors.  If, at any meeting of the Board of Directors, there be less than a quorum present, the majority of those present may adjourn the meeting from time to time.  At any such adjourned meeting, any business which might have been transacted at the original meeting may be transacted without further notice.

## Executive and Other Committees of the Board

4.13.   Executive and Other Committees of the Board:

(a) Establishment and Powers.  Unless otherwise restricted in the By Laws:

(i) The Board of Directors may, by resolution adopted by a majority of the directors in office, establish one or more committees to consist of one or more directors of the Corporation, any such committee, to the extent provided in the resolution of the Board of Directors, shall have and may exercise all of the powers and authority of the Board of Directors, except that no such committee shall have any power or authority as to the following:

(A) The submission to members of any action requiring approval of the members under these By Laws

(B) The filling of vacancies in the Board of Directors

(C) The adoption, amendment or repeal of the By Laws

(D) The amendment or repeal of any resolution of the Board

(E) Action on matters committed by the By Laws or resolution of the Board of Directors to another committee of the Board.

(ii) The Board may designate one or more directors as alternate members of any committee, who may replace an absent or disqualified member at any meeting of the committee.  In the absence or disqualification of a member of a committee, the member or members thereof present at any meeting and not disqualified from voting, whether or not he/she or they constitute a quorum, may unanimously appoint another director to act at the meeting in the place of any such absent or disqualified member.

(b) Term.  Each committee of the Board shall serve at the pleasure of the Board.

(c) Effect on Responsibility of Board.  The establishment of any committee of the Board of Directors and the delegation thereto of power and authority shall not alone relieve any director of his/her duty to Roamingwood under this Article.

## Interested Directors

4.14.   Interested Directors:

(a) General Rule.  No contract or transaction between Roamingwood and one or more of its members, directors or officers or between Roamingwood and any other corporation, partnership, association, or other organization in which one or more of its directors or officers are directors or officers, or have a financial interest, shall be void or voidable solely because the member, director or officer is present at or participates in the meeting of the directors which authorizes the contract or transaction, or solely because his/her or their votes are counted for such purpose, if:

(i) The material facts as to the relationship or interest and as to the contract or transaction are disclosed or are known to the Board and in good faith authorizes the contract or transaction by the affirmative votes of a majority of the disinterested directors even though they are less than a quorum;

(ii) The material facts as to his/her relationship or interest and as to the contract or transaction are disclosed and are known to the members entitled to vote thereon, and the contract or transaction is specifically approved in good faith by vote of such members; or

(iii) The contract or transaction is fair as to Roamingwood as of the time it is authorized, approved or ratified by the Board of Directors or the members.

(b) Quorum.  Common or interested directors may be counted in determining the presence of a quorum at a meeting of the Board which authorizes a contract or transaction specified in subsection (a) of this Section.

**Fidelity Bonds**

4.15.    The Board of Directors shall require that all officers and employees of Roamingwood handling or responsible for Roamingwood funds shall furnish adequate fidelity bonds, unless the then effective insurance policies provide the necessary coverage at adequate limits.  The premiums on such bonds, if required due to the lack of adequate insurance coverage and / or limits, shall be paid by Roamingwood.

**Directors' Fiduciary Relationship to Roamingwood**

4.16.    Directors shall be deemed to stand in fiduciary relation to Roamingwood and shall discharge the duties of their respective positions in good faith and with that diligent, care and skill that an

ordinarily prudent person would exercise under similar circumstances.

### Hold Harmless and Indemnification

4.17.    Each person who was or is a party and each person who is threatened to be or is made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that he/she is, or was, a director or officer, of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or trustee of another corporation, partnership, joint venture, trust or other enterprise, shall be indemnified by the Corporation to the full extent permitted by the laws of the Commonwealth of Pennsylvania as is in effect at the time of such indemnification.  The foregoing right of indemnification shall inure to the benefit of the heirs, executors, and administrators of each such person shall not be exclusive of any other rights of indemnification to which any director, officer, trustee or other person may be entitled in any capacity as a matter of law or under any by-law, agreement, vote of shareholders or directors, or otherwise; and shall continue as to each such person who has ceased to be a director, officer or trustee.

### Participation in Meeting by Conference Telephone

4.18.    One or more directors may participate in a meeting of the Board by means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other.

# ARTICLE V

### The Officers

5.01.    The officers of Roamingwood shall be Chairman of the Board, President, Vice President, Secretary, Treasurer and such other officers and assistant officers, as the Board may, from time to time, elect.  Any two (2) or more offices may be held by the same person except the offices of President and Secretary.

### Chairman

5.02.    The Chairman shall preside over all special and regular meetings of the Board.  The Chairman shall act in the absence of the President, or in the event of his/her inability or refusal to act.

### President

5.03.    The President shall be the General Managerial officer of Roamingwood and shall be vested with the powers and duties generally incident to the office of President of a nonprofit corporation, or as may be otherwise set forth in these By Laws.  He/she does not need to be a director.  In addition, the

President shall:

    (a) Preside over all membership meetings of Roamingwood.

    (b) Call special meetings of the Board of Directors.

    (c) Perform all acts and duties usually performed by an executive and presiding officer.

    (d) Sign such papers of Roamingwood as he/she may be authorized or directed to sign by the Board of Directors; provided, however, that the Board of Directors may authorize any person to sign any or all checks, contracts, and other instruments in writing on behalf of Roamingwood.

The President shall perform such other duties as may be prescribed by the Board of Directors.

## **Vice President**

5.04.    In the absence of the President or the Chairman, or in the event of their inability or refusal to act, the Vice President is empowered to act and shall thereupon be vested with powers and duties of the President.

## **Secretary**

5.05.    The Secretary shall:

    (a) Keep a complete record of all meetings of Roamingwood and of the Board of Directors and have general charge and supervision of the books and records of Roamingwood.

    (b) Sign all such papers pertaining to Roamingwood as he/she may be authorized or directed to sign by the Board of Directors.

    (c) Serve all notices required by law and by these By Laws and make a full report of all matters and business pertaining to his/her office to the members at the Annual Meeting.

    (d) Keep the corporate seal, and affix the corporate seal to all papers requiring a seal.

    (e) Keep complete membership records.

    (f) Act as secretary of the Executive Committee.

(g) Make all reports required by law and perform such other duties as may be required of him/her by Roamingwood or the Board of Directors.

On the election of his/her successor, the Secretary shall turn over to him/her/her all books and other property belonging to Roamingwood that he/she may have in his/her possession.

### Treasurer

5.06.    The Treasurer shall have custody of the funds of Roamingwood, collect monies due, pay the obligations of Roamingwood out of its funds, and perform such other duties as are incident to the office of Treasurer.  The Board shall require that the Treasurer be bonded or insured for such amount and under such conditions as the Board shall require.

### Removal of Officers

5.07.    Any officer may be removed by the majority of the Board of Directors after the following procedures: the officer will be informed in writing of  the charges against him/her/her at least ten (10) days prior to the meeting of the Board of Directors at which time charges are to be considered and shall have an opportunity at the meeting to be heard in person or by counsel and to present evidence in respect of the charges, and the person or persons bringing the charges against him/her/her shall have the same opportunity.  The question of the removal of such officer shall be considered and voted upon at the meeting of the Board of Directors, and any vacancy created by such removal may be filled by the vote of the Board of Directors at such meeting.

### Officers Fiduciary Relation to Roamingwood

5.08.    Officers shall be deemed to stand in a fiduciary relation to Roamingwood and shall discharge the duties of their respective position in good faith and with that diligence, care and skill that an ordinarily prudent person would exercise under similar circumstances.

## ARTICLE VI

### Duties of Manager

6.01.    In General, under the direction of the Board of Directors, the manager shall have general charge of the ordinary and usual business operations of Roamingwood.  He/she shall, so far as practicable, endeavor to conduct the business in such a manner that the members and patrons will receive just and fair treatment.  The manager shall deposit all money belonging to Roamingwood that

comes into his/her possession in the name of Roamingwood in a bank selected by the Board of Directors, and if authorized to do so by the Board of Directors, shall make all disbursements by check therefrom for the ordinary and necessary expenses of the business in the manner and form prescribed by the Board of Directors.  On the appointment of his/her successor, the manager shall deliver to him/her all money and property belonging to Roamingwood which he/she has in his/her possession or over which he/she has control.

### Duty to Account

6.02.    The manager shall be required to maintain his/her records and accounts in such a manner that the true and correct condition of the business may be ascertained therefrom at any time.  He/she shall render annual and periodic statements in the form and in the manner prescribed by the Board of Directors.  He/she shall carefully preserve all books, documents, correspondence, and records of whatever kind pertaining to the business that may come into his/her possession.

### Control of Employees

6.03.    Subject to the approval of the Board of Directors, the manager shall employ, supervise, and dismiss any or all employees of Roamingwood except agents or counsel specifically employed by the Board of Directors.


# ARTICLE VII

# ROAMINGWOOD RECORDS INSPECTION

### Required Records

7.01.    Roamingwood shall keep an original or duplicate record of written minutes of the members and the Directors and of any other body exercising powers or performing duties which under this Article may be exercised or performed by such other body, the original or a copy of its By Laws, including all amendments thereto to date, certified by the Secretary of Roamingwood, and an original or a duplicate membership register, giving the names of members, and showing their respective addresses, their interests in Roamingwood and other details of the membership of each.  Roamingwood shall also keep appropriate, complete and accurate books or records, of account including such records as are necessary to determine, at any time, each member's rights and interests in the assets of Roamingwood.  The records provided for in this subsection shall be kept at either the registered office of Roamingwood in this Commonwealth or at its principal place of business wherever situated.

**Right of Inspection**

7.02.    Every member shall, upon written demand under oath stating the purpose thereof, have a right to examine the records of Roamingwood, in person or by agent or attorney, during the usual hours for business for any proper purpose as prescribed by the Pennsylvania Statutes.

# ARTICLE VIII

## FINANCIAL -MANAGEMENT

**Accounting Period**

8.01.    The fiscal year of Roamingwood shall begin the first day of January in each year.

**Books and Accounts**

8.02.    Books and accounts of Roamingwood shall be kept under the direction of the Treasurer subject to the member's right of inspection pursuant to Article VII herein.

**Preliminary Budget**

8.03.    Each calendar year, the Treasurer, accountant, and Manager, ninety (90) days prior to each calendar year end, shall prepare for the next succeeding calendar year a preliminary budget.  During any lease to a municipal authority, the budget shall be prepared in accordance with any management and operating agreement between Roamingwood and the municipal authority.

These budgets must estimate the income necessary to cover the expenditures and losses, if any, of Roamingwood and should include reasonable reserves for future losses and expenses.  These budgets shall include, in addition to normal operating expenditures, expense items to provide for a maintenance reserve fund.  In addition, budgets should provide for a debt service reserve fund and bond redemption and improvement fund as required by any outstanding bond indenture or action of the Board of Directors of Roamingwood.  Budgets presented shall provide that adequate funding of Roamingwood's income must be collected from members sufficient to meet the terms of any bond indenture and for the sole purpose of meeting losses and expenditures.  The goal of these budgets shall be to provide sewer and water service to the members on a not-for-profit basis, substantially at cost.

**Publication of Preliminary Budget**

8.04.    Thirty days (30) prior to the budgets being approved and acted upon by the Board, they shall be published by posting copies of the proposed budgets at several POA bulletin board locations, at the

Roamingwood office, and at the POA registration office.  In addition, the proposed budgets will be published in the POA's newspaper.

## Adoption of Budgets

8.05.    After the proposed budgets have been published for not less than thirty (30) days and prior to the first day of the calendar year to which the proposed budgets apply, the Board by majority vote, shall adopt the final budget which shall be itemized with sufficient detail and which may contain such changes, additions, deletions, or corrections as the Board deems appropriate and in the best interests of Roamingwood, except that income must be collected from members sufficient to meet the terms of any bond indenture and maintain the financial viability of Roamingwood.  These adopted budgets shall then be effective for the calendar year to which they apply.  After proposed budgets have been adopted by the Board, the Board shall levy the annual assessment for each improved lot, unimproved lot, and on the Association of Property Owners of the Hideout, Inc., for the following year in accordance with the terms and conditions of these By Laws.  Roamingwood through its Board of Directors as hereafter set forth, may levy assessments and other charges on members.  The members shall be severally and not jointly liable for assessments.

## Amount and Method of Collection

8.06.    The amount of the levied charges and assessments and method of such levy shall be fixed by the Board subject to and taking into consideration the budget adopted as set forth in these By Laws.  Notice of any levy and assessment will be sent to each member at the last known address of record on file at the office of Roamingwood.  Payment of such notice of levy shall be due and payable as determined by the Board.  The Board may set a discount period for payment and may assess penalty and interest charges for late payment.  The Board may proceed under the provisions of law afforded Roamingwood in the collection of any debts owed or any charges or assessments that are delinquent for a period of ninety (90) days from the original due date.

## Enforcement of Payment

8.07.    The Board may bring such actions as it shall determine appropriate at law or in equity necessary to enforce the collection of delinquent assessments, or other charges including, but not limited to provisions for the suspension of voting privileges and the imposition of a lien or liens upon a member's property.  In all such cases, however, reasonable notice shall be given to such members with respect to any such non-payment and there shall be given to such member an opportunity for reinstatement of voting privileges upon satisfactory proof that such delinquency has been corrected.

**Auditing**

8.08.    At the close of each calendar year, the books and records of Roamingwood shall be audited by a certified public accounting firm whose report shall be prepared and certified in accordance with generally accepted accounting principles.  Based on such reports, Roamingwood will print and mail a condensed copy of' same to each member entitled to vote herein or a condensed copy of such report shall be published in the POA's newspaper.  In addition, the books and records herein may be inspected as prescribed in Article VII.

# ARTICLE IX

# NON-PROFIT OPERATION

**Interest or Dividends on Capital Prohibited**

9.01.    Roamingwood shall at all times be operated on a cooperative non-profit basis for the mutual benefit of its members consistent with the provisions of Section 501 (c) (12) and other relevant sections of the Internal Revenue Code of 1954, as amended from time to time.  No interest or dividends shall be paid or payable by Roamingwood on any capital furnished by its members.

**Patronage Capital in Connection With Furnishing Sewer and Water Service**

9.02.    In the furnishing of sewer and water service, Roamingwood's operations shall be so conducted that all members will, through their patronage, furnish capital for Roamingwood. Roamingwood will operate on a non-profit basis.  Roamingwood must maintain books and records from which a member's share of earnings for any year can be determined.  To meet the requirements of the preceding sentence, Roamingwood shall prepare an earnings and profit statement for each fiscal year, shall maintain a listing of all members for that fiscal year and shall record the amounts all members paid for the usage or availability of services.  All members will share in annual net earnings on the basis of their "patronage assessment", which means the usage or availability charges actually paid by members.

### Excess Income

9.03.    Any excess collections or assessments from members, not retained in reasonable reserves for future losses and expenses, may be retained in reasonable amounts for purposes of expanding facilities, retiring capital indebtedness, acquiring other assets or other similar purposes.

### Contract

9.04.    The members of Roamingwood, by dealing with Roamingwood, acknowledge that the terms and provisions of the Articles of Incorporation and By Laws shall constitute and be a contract between Roamingwood and each member and both Roamingwood and the member are bound by such contract, as fully as though each member had individually signed a separate instrument containing such terms and provisions.  The provisions of this Article of the By Laws shall be called to the attention of each member of Roamingwood by posting in a conspicuous place in Roamingwood's office.

# ARTICLE X

# TERMINATION OF MEMBERSHIP

### Non-Withdrawal or Expulsion

10.01.    Neither the Association of Property Owners nor any member may withdraw from membership as long as such member is an owner as defined in Section 3.03.  The Board may, by the affirmative vote of not less than two-thirds of the members of the Board, suspend the voting privilege of any member who fails to comply with any of the provisions of the Articles of Incorporation, By Laws, or Rules and Regulations adopted by the Board, but only if such member shall have been given written notice by Roamingwood that such failure makes him/her liable to the loss of voting privileges and such failure shall have continued for at least ten (10) days after such notice was given.  Any member whose voting privileges have been suspended may have such privileges reinstated by vote of the Board.  The suspension of voting privileges shall not release a member or his/her estate from any debts due Roamingwood.

# ARTICLE XI

# DISSOLUTION AND NON-LIABILITIES OF MEMBERS

### Property Interest of Members

11.01.    On dissolution of Roamingwood, all debts and liabilities of Roamingwood shall be paid

according to their respective priorities.  After payment of such debts, the remaining property assets of Roamingwood shall be distributed, to the extent that is practicable, among the members of Roamingwood according to their respective patronage.

## Non-Liability for Debts of Roamingwood

11.02.    The private property of the members shall be exempt from execution or other liability for the debts of Roamingwood and no member shall be liable or responsible for any debts or liabilities of Roamingwood.


# ARTICLE XII

## Policies, Rules, and Regulations

12.01.    The Board of Directors shall have power to make and adopt such policies, rules and regulations, not inconsistent with law, the Articles of Incorporation or these By Laws, as it may deem advisable for the management of the business and affairs of Roamingwood.


# ARTICLE XIII

## Amendments

13.01.    These By Laws may be amended from time to time in part or parts or restated in their entirety and new By Laws may be adopted by a majority of the number and vote of the members or of the Board of Directors except that amendments to Articles I, II, VIII, and IX hereof may only be made by the members.