IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF PENNSYLVANIA
_____

| | |
|---|---|
| **ROAMINGWOOD SEWER & WATER ASSOCIATION** | **CIVIL ACTION** |
| **Plaintiff,** | **NO. 1:20-cv-00640** |
| v. | |
| **NATIONAL DIVERSIFIED SALES, INC.** | |
| **Defendant** | |

_____

## STIPULATED PROTECTIVE ORDER

**AND NOW, HAVING COME BEFORE THE COURT BY STIPULATION OF THE PARTIES**, Plaintiff, Roamingwood Sewer and Water Association ("Plaintiff"), and Defendant, National Diversified Sales, Inc., in the above-captioned matter, for purposes of discovery and general preparation of the litigation agree that materials produced in this action may contain proprietary and confidential information, and dissemination of this information to persons or entities outside of this litigation may cause irreparable harm to the entities now possessing the confidential information, which warrants protection pursuant to Fed. R. Civ. P. 26(c). Such confidential information includes confidential commercial information, proprietary information, or trade secret disclosed by the Parties.

1

**THE PARTIERS FURTHER STIPULATE AND AGREE** that the documents and information denominated below in paragraph 1 are designated and shall be deemed "confidential" and proprietary and may be used by the Parties to the above captioned matter only for purposes described below subject to the following conditions, safeguards, and limitations.

1. The term "Confidential Material" as used herein shall include only confidential commercial information, proprietary information or trade secret materials produced by the Parties during the course of this litigation and designated (i.e. stamped) by the Parties as "confidential." Confidential Material does not include information in the public domain. The parties shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

2. All Confidential Material produced during the course of this litigation, and all information contained in such Confidential Material, shall be used only in connection with this litigation in the above captioned matter among the Parties and shall not be disclosed or used by anyone except:

    a. Attorneys of record for any party to this action, including attorneys in any law firm or corporation, who have been assigned to represent the interests of any party to this action;

    b. Regular employees of any law firm or corporation appearing as counsel of record in this action, including paralegals and secretaries;

    c. Any officer or employee of any party to this action, including in-house counsel, but only to the extent of that person's involvement in this action;

    d. Witnesses called by either party to provide testimony at a deposition or court proceeding. The portions of the transcript where such confidential materials was discussed may be marked confidential;

    e. Independent experts retained by any party, but only to the extent to assist the Parties, and their attorneys, in the preparation and presentation of their claims or defenses in this action;

    f. Persons who have authored, prepared, or assisted in the preparation of the particular confidential documents or materials;

    g. Any deponent in the course of, or in preparation for testimony at his or her deposition, or, any witness in the course of, or in preparation for, testimony at the trial of this matter; and

    h. The Court, Court personnel, Court reporter, or other personnel involved in the adjudicative process.

3. At the conclusion of this action, all Confidential Material, including copies thereof, shall be destroyed or returned to the producing party; at the producing party's option, within thirty (30) days of the conclusion of this action. To the extent that the producing party seeks the return of Confidential Material at the conclusion of the litigation, the producing party shall pre-pay the cost of having the Confidential Material returned.

4. Upon the completion of this action, the Parties agree to maintain all Confidential Material in conformity with this Confidentiality Agreement.

Upon termination of this action, the Parties agree that this Confidentiality Agreement will continue in full force and effect.

5. Any third-party to be furnished with a copy of a document or other material subject to this Confidentiality Agreement, including, but not limited to, the categories of persons identified explicitly in paragraph 2, above, shall first be given a copy of this Agreement, shall read it, and shall agree in writing to be bound by its terms on the attached Acknowledgment of Receipt of Agreed Confidentiality Agreement, before viewing the Confidential Material. The Acknowledgment of Receipt of Agreed Confidentiality Agreement and Agreement to be Bound Thereby shall be retained by counsel producing the confidential materials to the third party until the conclusion of the litigation.

6. No copies of any documents or material shall be made or delivered to any person other than those categories of persons referred to explicitly in paragraph 2, above, except any copy actually marked as an exhibit at the trial in this matter. This provision shall not prevent counsel from making copies for their own use, or use by their office assistants.

7. No Confidential Material shall be used for any purpose outside of the above captioned matter and litigation.

8. Whenever any party proposes to file any Confidential Material with the

Court, such as, for example, as an exhibit accompanying a motion, the party so submitting the Confidential Material agrees to file a motion to the Court requesting that the Confidential Material be considered "Under Seal" in accordance with the applicable rules and guidelines required by the Court.

9. Whenever any counsel proposes to disclose any documents or other material or information contained therein to any person who is not included in those categories or persons referred to in paragraph 2, above, prior notice shall be given in writing to the producing party and/or its counsel. If the producing party objects to the disclosure of its documents or information, the documents or information shall not be disclosed, except in compliance with a Court Order compelling the express production of such documents.

10. Any Party or Non-Party may challenge a designation of confidentiality at any time up to the time of final judgment. The Challenging Party shall initiate a meet and confer in an effort to resolve the challenged designations. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Likewise, frivolous confidentiality designations or those designations made for an improper purpose may expose the Designating Party to sanctions. Unless

the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

11. Nothing in this Confidentiality Agreement shall preclude any party from applying to the Court for additional or different provisions with respect to specific documents should the need arise during this action.

12. This Confidentiality Agreement does not relate to the admissibility into evidence of the Confidential Material at trial. All Parties are free to tender such documents and all Parties are free to object, at the time of the trial.

13. It is further agreed that:

    a. The Party producing the discovery shall bear the expense of copying the information;

    b. The information shall be produced in a legible format or in electronic format at the option of the requesting party;

    c. The information shall be produced along with a production log indicating to which Discovery response the data is responsive;

    d. The information shall be produced with a case designation and bates number placed on the data in a location that does not cover or mark over any textual material;

    e. The information produced shall be stored in a secure fashion to assure compliance with this Order. The requesting party may designate a competent person or entity to serve as his or her agent to organize said data and to limit distribution in accordance with this Order,

    f. No party to this action shall seek or request an Order to obtain counsel's core work product unless said party has a good faith basis to believe that the information in dispute does not constitute core work product,

    g. All data produced under the terms of this Agreement shall be deemed to be the authentic business records of the producing party; and

    h. Such material shall not be produced to any commercial competitor manufacturer of the party producing the data.

APPROVED AND SO ORDERED THIS __26th__ OF _____August_____, 2020

                                               _s/Jennifer P. Wilson_____
                                               Hon. Jennifer P. Wilson, U.S.D.J.

# ACKNOWLEDGMENT OF RECEIPT OF AGREED CONFIDENTIALITY ORDER AND AGREEMENT TO BE BOUND THEREBY

I acknowledge that I have received and read a copy of the Agreed Confidentiality Order ("Order") dated _____ of _____, 20__ entered in Roamingwood Sewer and Water Association v. National Diversified Sales, No. 1:20-cv-00640. Before reviewing or receiving access to the documents and/or technical information subject to the protection of the Agreed Confidentiality Agreement, and, as a condition for such review and access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Agreement. I consent to and hereby submit myself to the jurisdiction and venue of the U.S. District Court for the Middle District of Pennsylvania for purposes of enforcement of the Agreement.

_____