# IN THE UNITED STATES DISTRICT COURT
# FOR MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROAMINGWOOD SEWER & WATER ASSOCIATION** | **CIVIL ACTION** |
| | **NO. 1:20-cv-00640** |
| **Plaintiff,** | |
| v. | |
| **NATIONAL DIVERSIFIED SALES, INC.** | |
| **Defendant** | |
| v. | |
| **THE LATERAL CONNECTION CORP. AND JAMES T. O'HARA, INC.** | |

## THIRD-PARTY COMPLAINT OF DEFENDANT, NATIONAL DIVERSIFIED SALES, INC. AGAINST THIRD-PARTY DEFENDANTS, THE LATERAL CONNECTION CORP. AND JAMES T. O'HARA, INC.

Defendant, National Diversified Sales, Inc., by and through its counsel, Post & Schell, P.C., hereby files this Third-Party Complaint against Third-Party Defendants, The Lateral Connection Corp. and James T. O'Hara, Inc., as follows:

1. Plaintiff, Roamingwood Sewer & Water Association (hereinafter "Roamingwood"), filed this action on or about April 17, 2020, seeking monetary relief in connection with damages allegedly sustained as a result of the failure of certain check valves manufactured by National Diversified Sales, Inc. (hereinafter "NDS").

2.	Plaintiff filed a First Amended Complaint in this matter on May 12, 2020. See Document Entry 9, First Amended Complaint, attached hereto as Exhibit "1."

## Allegations of Plaintiff's First Amended Complaint

3.	In the First Amended Complaint, Plaintiff has alleged that Roamingwood Sewer and Water Association operates a water and sewer system exclusively for a planned residential community in the Poconos known as "the Hideout." Exhibit "1," ¶ 1. In connection with that project, Plaintiff alleges that it purchased and installed 800 check valves from NDS which attached to each home's sewer lateral pipe. *Id.*

4.	Plaintiff alleges that, since installing the check valves as part of Stage 3 of the project, 22 of the check valves have failed in an identical fashion resulting in property damage, environmental concerns, and the need to dig-up and replace the failed check valves to restore residential sewer service. Exhibit "1," ¶ 2.

5.	Plaintiff alleges that the NDS check valves used in Stage 3 of the project were specifically rated as being able to withstand 200 psi working pressure. Exhibit "1," ¶ 28. Plaintiff asserts that the system produces a maximum pressure of 67 psi, and "so based on Defendant NDS's affirmative and material representation about the valve's pressure thresholds, the valves should have been able to easily withstand Plaintiff's system maximum pressure." *Id.*

6. At this time, Defendant NDS does not possess sufficient information to confirm the operating pressure of the sewer system into which its check valves were installed at the Hideout Development.

7. Plaintiff has asserted causes of action sounding in (1) strict liability, (2) breach of the implied warranty of merchantability, (3) negligence, and (4) violations of the Pennsylvania Uniform Trade Practices and Consumer Protection Law ("UTPCPL").

8. In connection with its claims for breach of implied warranties, Plaintiff alleges that "the check valves were for low-pressure – rated up to 200 psi-for sewer systems and Plaintiff was relying on the expertise of Defendant to make these valves to that specification so they would not fail under normal conditions." Exhibit "1," ¶ 58.

9. In connection with its claim for violation of the UTPCPL, Plaintiff alleges that "Defendant represented that its check valves could withstand 200 psi during use and further omitted and/or concealed that its check valves had been subject to flapper failures like the ones Plaintiff experienced." Exhibit "1," ¶ 77. Plaintiff alleges that Defendant NDS "knew or should have known that its representations about the check valves were false, that the check valves were defectively designed and/or manufactured and otherwise were not as warranted and represented." *Id.*, ¶ 79. Plaintiff alleges that "Plaintiff relied on the representation that Defendant's check valves were capable of withstanding pressures up to 200 psi." *Id.*, ¶ 81.

10. In response to the First Amended Complaint, Defendant NDS filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), seeking in part to dismiss Plaintiff's claim for violation of the UTPCPL and tort-based claims. The Court has not yet ruled on the Motion to Dismiss.

11. The Court entered a case management order in this matter on August 5, 2020, that provided that the parties had until October 15, 2020, in order to join any third-party defendants in the action. See Docket Entry 21.

## The Third-Party Defendants

12. Third-Party Defendant, The Lateral Connection Corp., is a Canadian corporation with a principal place of business located at #101-26921 Gloucester Way, Langley BC V4W 3Y3.

13. The Lateral Connection Corp. is a distributor of products manufactured by NDS including check valves.

14. The check valves at issue in this litigation are Model KSC-2000-LC which were manufactured by NDS exclusively for distribution by The Lateral Connection Corp., and Defendant NDS believes and therefore asserts that The Lateral Connection Corp. was the distributor of the KSC-2000-LC check valves that were sold for use in the sewer system project in the Hideout Development that is the subject of this litigation.

15. Third-Party Defendant, James T. O'Hara, Inc., is a Pennsylvania corporation with a principle place of business and registered office located at 675 Golf Park Drive, Lake Ariel PA 18436.

16. Defendant NDS believes and therefore asserts that Plaintiff entered into a contract with James T. O'Hara, Inc., for the installation of the KSC-1000-LC check valves on the Hideout Development sewer system project that is the subject of this litigation.

## COUNT I
## NATIONAL DIVERSIFIED SALES, INC., V.
## THE LATERAL CONNECTION CORP.

17. Defendant NDS incorporates by reference the preceding paragraphs of this Third-Party Complaint as if same were set forth herein in full.

18. The pressure rating by NDS on the KSC-2000-LC check valve is 125 psi, not 200 psi as asserted by Plaintiff in the First Amended Complaint.

19. Defendant NDS has not represented that the Model KSC-2000-LC check valve has a maximum pressure rating of 200 psi.

20. In discovery in this litigation, Plaintiff has produced a submittal dated May 18, 2017, a true and correct copy of which is attached hereto as Exhibit "2." The submittal is stamped "furnish as noted" by David Osbourne of LaBella Associates.

21. The submittal relates to the curb stop and check valve to be used on the Hideout Development project, and identifies the manufacturer as The Lateral Connection Corp.  Exhibit "2."

22. Attached to the submittal page is an excerpt from The Lateral Connection Corp. Performance Series Compression Fittings, Valves and Saddles brochure.  In connection with the PP Ball Valves & Curb Stops/Checks, the brochure identifies the working pressure at "73º F (23º C) 1-1/2" – 2" rated to 200 PSI."  Exhibit "2.

23. Defendant NDS believes and therefore asserts that Plaintiff's claims regarding the representation of the check valve as having a design pressure of 200 psi is based upon the brochure from The Lateral Connection Corp. which is attached to the submittal attached hereto as Exhibit "2."

24. In a more recent publication, The Lateral Connection Corp. has modified the representation in its brochure regarding the pressure rating of the 2-inch check valve to state that the PP Curb Stop/Check Valve at "73º F (23º C) 1-1/4" rated to 200 PSI, 1-1/2" – 2" rated to 125 PSI.  Exhibit "3."

25. Similarly, in more recently published specifications for a forced sewer assembly for a PP/PVC assembly, The Lateral Connection Corp. has stated that "All 1-1/4" valves shall be rated for 150 PSI back pressure and 1-1/2" & 2" valves shall be rated for 125 PSI."  Exhibit "4."

26. To the extent that Plaintiff's claims for breach of implied warranty and/or violation of the UTPCPL claims are based in whole or in part upon the alleged representations regarding the design pressure of the check valve, Defendant NDS believes and therefore asserts that this relates to the representation made by The Lateral Connection Corp. in the brochure that is attached to the submittal by James T. O'Hara, Inc., for the project, and not based upon any representations made by Defendant NDS.

27. To the extent that Plaintiff is successful on its claims for breach of implied warranty and/or violation of the UTPCPL based upon representations made by The Lateral Connection Corp., Defendant NDS asserts that Third-Party Defendant, The Lateral Connection Corp., is directly liable to Plaintiff, jointly and severally liable with Defendant NDS, or liable over by way of common law indemnity to Defendant NDS in connection with the damages asserted by Plaintiff in connection with its claims for breach of implied warranty and violation of the UTPCPL.

WHEREFORE, Defendant, National Diversified Sales, Inc., respectfully requests that judgment be entered in its favor and against Third-Party Defendant, The Lateral Connection Corp.

## COUNT II
## NATIONAL DIVERSIFIED SALES, INC., V.
## JAMES T. O'HARA, INC.

28. Defendant NDS incorporates by reference the preceding paragraphs of this Third-Party Complaint as if same were set forth herein in full.

29. Defendant NDS believes and therefore asserts that Plaintiff entered into a contract with Third-Party Defendant, James T. O'Hara, Inc., to perform the installation of the sewer laterals in connection with the Hideout Development sewer system project which is the subject of this litigation, including the installation of the KSC-2000-LC check valves manufactured by NDS and supplied by The Lateral Connection Corp.

30. Defendant NDS believes and therefore asserts that the installation instructions provided by The Lateral Connection Corp. in connection with the installation of the KSC-2000-LC check valve stated that the installer should "check correct orientation of the check valve," with the horizontal flow arrow on the check valve placed at the 12 o'clock position.  See Exhibit "4."

31. Based upon photographs that have been provided by Plaintiff, Defendant NDS believes and therefore asserts that some or all of the check valves installed on the project by James T. O'Hara, Inc., were installed in an improper orientation.

32. Plaintiff has alleged that the failures of the check valves occurred at the flapper mechanism which Plaintiff alleges suffers from a uniform defect.  Exhibit "1," ¶¶ 3, 22, 25, 32, 38.

33. Defendant NDS believes and therefore asserts that the performance of the check valve flapper assembly can be affected by the orientation of the check valve, and that an improperly oriented check valve can result in a failure of the flapper assembly such as described in Plaintiff's First Amended Complaint.

34. To the extent that Third-Party Defendant, James T. O'Hara, Inc., installed check valves in the Hideout Development sewer system project, this constituted negligence on its part which caused or contributed to the failure of the flapper assemblies on the affected check valves.

35. As a result of the negligence of Third-Party Defendant, James T. O'Hara, Inc., Defendant NDS may be exposed to damages on the claims asserted in this matter by Plaintiff.

36. To the extent that Defendant NDS is found liable for the damages asserted by Plaintiff, Defendant NDS asserts that Third-Party Defendant, James T. O'Hara, Inc., may be jointly and severally liable with Defendant NDS, or liable over to Defendant NDS in connection with those damages.

WHEREFORE, Defendant, National Diversified Sales, Inc., respectfully requests that judgment be entered in its favor and against Third-Party Defendant, James T. O'Hara, Inc.

**POST & SCHELL, P.C.**

BY: _____
GLENN M. CAMPBELL, ESQUIRE
ATTY. I.D.: 51059
E-MAIL: GCAMPBELL@POSTSCHELL.COM
POST & SCHELL, P.C.
1600 JFK BOULEVARD 13TH FL.
PHILADELPHIA, PA 19103
(215) 587-1000
ATTORNEY FOR DEFENDANT, NATIONAL DIVERSIFIED SALES, INC.