IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROAMINGWOOD SEWER & WATER ASSOCIATION, | : | Civil No. 1: 20-CV-00640 |
| Plaintiff, | : | |
| v. | : | |
| NATIONAL DIVERSIFIED SALES, INC., | : | |
| Defendant, | : | |
| v. | : | |
| JAMES T. O'HARA, INC., | : | |
| Third-Party Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court are two motions filed by Third-Party Defendant James T. O'Hara, Inc. ("O'Hara") on February 8, 2023 and June 2, 2023 to dismiss the second amended complaint filed by Defendant and Third-Party Plaintiff National Diversified Sales, Inc. ("NDS"). (Docs. 154, 172, 152.) The motions have been fully briefed and are ripe. For the reasons that follow, the court will grant O'Hara's most recently filed motion to dismiss, deny its earlier pending motion to dismiss as moot, and dismiss NDS' second amended third-party complaint.

1

## BACKGROUND[1]

This action was brought by Plaintiff Roamingwood Sewer & Water Association ("Roamingwood") to recover damages for, *inter alia*, allegedly defective check valves manufactured by NDS. (Doc. 9.) Roamingwood hired O'Hara to install the check valves as part of a complete sewer system renovation within The Hideout, a residential housing community in the Poconos. (Doc. 1, pp. 1–3; Doc. 24, p. 4.)[2] On October 15, 2020, NDS filed a third-party complaint against O'Hara and The Lateral Connection Corp. ("TLCC"). (Doc. 24.) On May 17, 2021, TLCC answered NDS' third-party complaint and raised crossclaims against NDS and O'Hara. (Doc. 45.) On August 4, 2021, O'Hara answered NDS' third-party complaint and raised crossclaims against NDS and TLCC. (Doc. 59.)

On April 27, 2022, two days before the close of discovery, the court entered a sixty-day stay of all deadlines in order for the parties to pursue mediation. (Doc. 85.) On July 21, 2022, NDS filed a joint stipulation of dismissal in which NDS and TLCC voluntarily dismissed their claims against each other. (Doc. 90.)

On February 3, 2023, the court issued an order approving a stipulation between NDS and O'Hara for NDS to file a second amended third-party complaint.

---

[1] Because the court is writing for the benefit of the parties, only the necessary information is included in this order. For a more fulsome discussion of the facts and issues in this case, the court refers to its memorandum granting in part and denying in part the motions for summary judgment filed by Plaintiff Roamingwood and NDS. (Doc. 164.)

[2] For ease of reference, the court utilizes the page number from the CM/ECF header.

(Doc. 151.) The third-party complaint was docketed the same day. (Doc. 152.) In the operative third-party complaint, NDS raised a single claim against O'Hara for common law indemnification for negligent testing. (*Id.* at p. 4.) This claim is the subject of the instant motions to dismiss.

The second amended complaint acknowledges Roamingwood's allegations that NDS valves failed when installed in The Hideout. (*Id.* ¶¶ 3–5.) It acknowledges that, according to Roamingwood, NDS had represented that its valves could withstand significantly more pressure than was present in the new sewer system in The Hideout. (*Id.* ¶¶ 5, 8–9.)

NDS alleges that O'Hara was responsible for hydrostatically testing the sewer system in which NDS' valves were installed, but failed to test the NDS valves. (*Id.* ¶¶ 12–13.) Finally, it alleges that O'Hara's actions, because they amount to negligence, may expose NDS to liability. (*Id.* ¶¶ 14–15.) On that basis, NDS alleges that O'Hara is jointly and severally liable for any damages for which NDS is found liable. (*Id.* ¶ 16.)

O'Hara filed its first pending motion to dismiss on February 8, 2023. (Doc. 154.) On April 4, 2023, the court issued a memorandum and accompanying order granting in part and denying in part cross-motions for summary judgment filed by Roamingwood and NDS. (Docs. 164, 165.) The order granted Roamingwood judgment on its claims against NDS for strict liability and breach of implied

3

warranty of merchantability. It also granted NDS summary judgment for Roamingwood's claim under a Pennsylvania consumer protection statute.

In light of the court granting partial summary judgment for Roamingwood, on May 24, 2023 the court granted O'Hara leave to file an additional motion to dismiss. (Doc. 169.) This additional motion, filed on June 2, 2023, forms the basis of this memorandum. (Doc. 172.) In it, O'Hara requests that the court dismiss the second amended third-party complaint or, in the alternative, grant O'Hara summary judgment.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than

conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

O'Hara argues that dismissal, or in the alternative summary judgment, is appropriate because indemnification is not available to NDS. That is because, under Pennsylvania law, common law indemnification is "only available to a party that is without fault." (Doc. 173, p. 5 (emphasis omitted).) It is an "equitable remedy that shifts the entire responsibility for damages from a party who, without any fault, has been required to pay because of a legal relationship to the party at fault." *EQT Prod. Co. v. Terra Servs.*, 179 F. Supp. 3d 486, 493 (W.D. Pa. 2016) (quoting *City of Wilkes-Barre v. Kaminski Bros.*, 804 A.2d 89, 92 (Pa. Commw. Ct. 2002)). This remedy applies "to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable." (Doc. 173, p. 13 (quoting *Bank v. City of Philadelphia*, 991 F. Supp. 2d 523, 530 (E.D. Pa. 2014)).)

The Supreme Court of Pennsylvania has stated that secondary, as opposed to primary liability, "rests upon a fault that is imputed or constructive only." *Builders Supply Co. v. McCabe*, 77 A.2d 368, 371 (1951). Such secondary liability is based

5

"on some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible." *Id.*

O'Hara asserts that, to prevail on its third-party claim for indemnification, NDS would have to show both that O'Hara was at fault and that NDS was without fault. (Doc. 173, p. 14.) But because Roamingwood has been granted summary judgment on its claims against NDS for strict liability and breach of implied warranty of merchantability, NDS has been found at fault. (*Id.*) Therefore, the indemnification claim in NDS' second amended third-party complaint fails. (*Id.*)

NDS responds that the court, although it granted partial summary judgment to Roamingwood, "never attributed any fault for the check valves' failure to NDS." (Doc. 175, pp. 7–8.) Instead, in NDS' view, this court only concluded that NDS was liable because the valves malfunctioned and did not pass the consumer expectation test. (*Id.* at 8.)

NDS also argues that courts in this circuit have declined to dismiss indemnification claims based on 12(b)(6) motions because they have been unable

to make such determinations based solely on the pleadings. (*Id.* (quoting *Bachtell v. Gen. Mills, Inc.*, 422 F. Supp. 3d 900, 914 (M.D. Pa. 2019).[3]

O'Hara responds that this court's grant of summary judgment to Roamingwood effectively found NDS at fault.[4] (Doc. 176, pp. 3–6.) It also argues that NDS' reliance on *Bachtell* is misplaced because, unlike in *Bachtell*, this court has already made factual determinations as to NDS' liability based on the cross-motions for summary judgment of Roamingwood and NDS. (*Id.* at 6.)

Here, the court finds NDS' factual allegations set forth in its second amended third-party complaint insufficient to state a claim for common law indemnification. First, NDS alleges no facts from which the court may reasonably infer that NDS is without fault. For example, the second amended third-party complaint provides no factual allegations from which the court could reasonably infer that anything other than NDS' own conduct caused the failure of its valves. Second, the second amended third-party complaint provides no allegations which would support an argument that NDS' sole source of liability is due entirely to "some legal obligation to pay damages occasioned by the initial negligence of

---

[3] NDS also argues that the court should deny O'Hara's motion in the event that it is converted to a motion for summary judgment. (Doc. 175, pp. 8–9.) Because it is unnecessary to convert the motion, the court does not address these arguments in this memorandum.

[4] In making this argument, O'Hara cites NDS' own admissions and the court's findings of fact in its memorandum for summary judgment which show NDS' fault. However, because the court is assessing O'Hara's motion as one for dismissal, it will not address the factual allegations of O'Hara or the court's own factual findings.

another, and for which [NDS itself] is only secondarily liable." *Bank*, 991 F. Supp. 2d at 530.

At best, NDS' allegations are that O'Hara was negligent by failing to hydrostatically test NDS' valves. This amounts to NDS alleging that O'Hara negligently failed to protect Roamingwood from NDS' defective valves. That does not amount to a common law indemnification claim under Pennsylvania law. Even assuming O'Hara's failure to test was negligent, NDS has provided no factual allegations to plausibly plead that NDS' valves failed without any fault on NDS' part. Thus, while O'Hara's alleged failure to test might amount to negligence, it does not render NDS only secondarily liable.

The second amended third-party complaint fails to allege facts to show that NDS' liability to Roamingwood is imputed or constructive only (i.e. secondary). Therefore, NDS' factual allegations do not plead a plausible claim for common law indemnification against O'Hara. In light of the court's determination that NDS is liable to Roamingwood for strict liability and breach of implied warranty of merchantability, which is effectively a finding of NDS's fault, it would be futile to permit NDS to amend the third-party complaint a third time. As a result, the dismissal will be with prejudice.

## CONCLUSION

For the reasons stated herein, NDS' claim fails, and the court will dismiss it.

An accompanying order will follow.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: August 7, 2023